# EXHIBIT A

IN THE DISTRICT/SUPERIOR COURT FOR THE STATE OF ALASKA
AT ANCHORAGE

Robbin Pau,

                     Plaintiff(s),

vs.

Sysco Seattle, Inc., dba, Sysco Alaska,

                     Defendant(s).

CASE NO. 3AN-25-05730 CI

**SUMMONS AND
NOTICE TO BOTH PARTIES
OF JUDICIAL ASSIGNMENT**

To Defendant: <u>Sysco Seattle, Inc., dba Sysco Alaska</u>

You are hereby summoned and required to file with the court a written answer to the complaint which accompanies this summons. Your answer must be filed with the court at 825 W. 4th Ave., Anchorage, Alaska 99501 within 20 days* after the day you receive this summons. In addition, a copy of your answer must be sent to the plaintiff's attorney or plaintiff (if unrepresented) <u>Isaac D Zorea</u>, whose address is: <u>PO Box 90844, Alaska, AK 99509</u>.

If you fail to file your answer within the required time, a default judgment may be entered against you for the relief demanded in the complaint.

If you are not represented by an attorney, you must inform the court and all other parties in this case, in writing, of your current mailing address and any future changes to your mailing address and telephone number. You may use court form *Notice of Change of Address / Telephone Number* (TF-955), available at the clerk's office or on the court system's website at https://public.courts.alaska.gov/web/forms/docs/tf-955.pdf to inform the court. - OR - If you have an attorney, the attorney must comply with Alaska R. Civ. P. 5(i).

NOTICE OF JUDICIAL ASSIGNMENT

TO: Plaintiff and Defendant

You are hereby given notice that:

☒ This case has been assigned to Superior Court Judge <u>Wheeles</u>.
    and to a magistrate judge.

☐ This case has been assigned to District Court Judge _____.

CLERK OF COURT

<u>7/2/25</u>
Date

By: _____
Deputy Clerk

I certify that on <u>7/4/25</u> a copy of this Summons was ☒ e-mailed ☐ given to
☐ plaintiff    ☒ plaintiff's counsel along with a copy of the
☐ Domestic Relations Procedural Order    ☐ Civil Pre-Trial Order
to serve on the defendant with the summons.
Deputy Clerk _____

* The State or a state officer or agency named as a defendant has 40 days to file its answer. If you have been served with this summons outside the United States, you also have 40 days to file your answer.

CIV-100 ANCH (10/17)(cs)                      Civil Rules 4, 5, 12, 42(c), 55
SUMMONS

Isaac Derek Zorea
Attorney & Counselor at Law
P.O. Box 90844
Anchorage, AK 99509
Phone: (907) 830-1385
Fax: (800) 536-1071
izorea.law@gmail.com

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

| | |
|---|---|
| Robbin Pau,<br><br>    Plaintiff,<br><br>v.<br><br>Sysco Seattle, Inc., dba Sysco Alaska,<br><br>    Defendant. | Case No. 3AN-25-05730CI |

**COMPLAINT**
**Amended**

COMES NOW, Robbin Pau, the plaintiff above named, by and through his attorney, Isaac Derek Zorea, and for his complaint against defendant Sysco Seattle, Inc., dba Sysco Alaska, alleges as follows:

### I. JURISDICTION

1.1. At all relevant times, plaintiff, Robbin Pau, resided in Anchorage, Alaska 99515, within the Third Judicial District, State of Alaska.

1.2. At all relevant times, defendant, Sysco Seattle, Inc., dba Sysco Alaska, has maintained its primary business address at 1390 Enclave Pkwy, Houston, TX 77077, and maintains significant business connections and operations in Anchorage, Alaska, within the Third Judicial District, State of Alaska.

Complaint: *Pau v. Sysco Alaska* — 1 of 10 —

1.3. The events giving rise to this action occurred within the Third Judicial District, State of Alaska, where plaintiff was employed by defendant. Venue is therefore proper in the Superior Court for the State of Alaska, Third Judicial District at Anchorage.

1.4. This Court has jurisdiction over this matter pursuant to AS 22.10.020.

## II. FACTS

2.1. Plaintiff Robbin Pau began his employment with defendant Sysco Seattle, Inc., dba Sysco Alaska on January 21, 2018, as an order selector at defendant's Anchorage facility.

2.2. Throughout his employment spanning over five years, plaintiff performed his job duties competently and without legitimate complaints from his employer, establishing himself as a reliable and productive employee.

2.3. During his employment, defendant's vice president and supervisor expressed a desire to reduce the number of Samoan workers at the facility, revealing defendant's discriminatory intent toward employees of plaintiff's race.

**The Christopher Daily Incident - April 6, 2023**

2.4. On April 6, 2023, just four days before the incident that would lead to plaintiff's termination, Christopher Daily, a Caucasian employee working in the same capacity as plaintiff at defendant's Anchorage facility, was involved in an incident while moving trailers that resulted in damage to a trailer.

2.5. Daily's April 6, 2023 incident involved the identical type of work activity that plaintiff was performing on April 10, 2023, specifically, the movement of trailers at defendant's facility during normal work operations.

2.6. Daily directly acknowledged and admitted his responsibility for causing the trailer damage that occurred during the April 6, 2023 incident, openly confirming his involvement in the incident to plaintiff and other coworkers.

2.7. Despite Daily's clear admission of responsibility for causing trailer damage, defendant's management made the conscious decision not to place Daily on administrative leave following his April 6, 2023 incident.

2.8. Defendant did not conduct any formal investigation into Daily's April 6, 2023 trailer damage incident, in stark contrast to the extensive investigation that defendant would later conduct regarding plaintiff's alleged involvement in the April 10, 2023 incident.

2.9. Daily received no disciplinary action whatsoever from defendant for his admitted responsibility in causing trailer damage on April 6, 2023, demonstrating defendant's lenient treatment of Caucasian employees.

2.10. Defendant's management had full knowledge and awareness of Daily's April 6, 2023 trailer damage incident and Daily's admission of responsibility, yet deliberately chose to take no adverse employment action against Daily.

**Transition to Plaintiff's Incident**

2.11. The timeline and circumstances of these incidents establish a clear pattern of discriminatory treatment: Daily's admitted trailer damage incident occurred on April 6, 2023, establishing how defendant treated similar conduct by a Caucasian employee, providing the perfect baseline for comparison when an identical incident would occur involving plaintiff, a Samoan employee, just four days later.

2.12. The identical nature of both incidents - trailer damage occurring during normal trailer movement operations conducted by employees performing the same job functions - eliminates any legitimate business justification for the vastly different treatment that would follow.

**Plaintiff's Incident and the Exculpatory Evidence - April 10, 2023**

2.13. On April 10, 2023, exactly four days after Daily's admitted trailer damage incident for which he received no discipline, plaintiff was moving trailers at

Complaint: *Pau v. Sysco Alaska* — 3 of 10 —

defendant's Anchorage facility when an incident occurred involving trailer damage. Christopher Blass was working as spotter at the loading deck at the time of the incident, serving in his designated role to observe and guide trailer movements for safety purposes.

2.14. As the designated spotter, Blass had the specific responsibility and optimal vantage point to observe all trailer movements and any incidents occurring in his assigned area. In his professional capacity as spotter, Blass directly witnessed the April 10, 2023 incident and clearly observed that plaintiff was not involved in causing the trailer damage that occurred.

2.15. Following the incident, Blass promptly and professionally communicated his observations to defendant's management, specifically informing them that plaintiff was not responsible for the trailer damage and unequivocally confirming plaintiff's non-involvement in the incident.

2.16. Despite having direct, credible eyewitness testimony from Blass completely exonerating plaintiff, defendant failed to properly document, investigate, or give appropriate weight in its investigation to this exculpatory evidence.

2.17. Defendant's management did not conduct any meaningful follow-up questioning of Blass regarding his observations, nor did defendant seek additional clarification about his detailed eyewitness account that clearly established plaintiff's innocence.

2.18. The credible and authoritative nature of Blass's testimony is further supported by his designated role as the spotter whose specific job function was to observe and monitor the very type of activity that resulted in the trailer damage, making him the most qualified witness to the incident.

/

/

Complaint: *Pau v. Sysco Alaska* — 4 of 10 —

**Discriminatory Response Despite Exculpatory Evidence**

2.19. Despite Blass's unequivocal confirmation of plaintiff's non-involvement in the April 10, 2023 incident, and despite the stark contrast with defendant's lenient treatment of Daily's admitted responsibility for identical conduct just four days earlier, defendant placed plaintiff on administrative leave on April 13, 2023, demonstrating defendant's discriminatory disregard for credible exculpatory evidence when dealing with Samoan employees.

2.20. The discriminatory nature of defendant's actions becomes undeniable when comparing the timeline and response: Daily (Caucasian) admits responsibility for trailer damage on April 6, 2023, and receives no discipline or investigation; plaintiff (Samoan) is exonerated by credible witness testimony regarding trailer damage on April 10, 2023, yet is immediately placed on administrative leave and subjected to extensive investigation.

2.21. Defendant's decision to impose immediate consequences on plaintiff despite exonerating witness testimony, while simultaneously having imposed no consequences on Daily despite his admission of responsibility for identical conduct, demonstrates clear and intentional discriminatory treatment based on race.

**Termination Despite Evidence of Innocence**

2.22. On April 24, 2023, defendant terminated plaintiff's employment despite the credible eyewitness testimony from Christopher Blass confirming plaintiff's non-involvement in the trailer damage incident, and despite defendant's disparate treatment of Christopher Daily who received no discipline whatsoever for his admitted responsibility in causing similar trailer damage just four days earlier.

2.23. Defendant's termination decision was made with full knowledge of the exculpatory evidence provided by Blass and with full awareness of the disparate treatment accorded to Daily for identical conduct, demonstrating that defendant's

Complaint: *Pau v. Sysco Alaska* — 5 of 10 —

decision was not based on legitimate business concerns but rather on discriminatory intent.

2.24. The implementation of defendant's discriminatory intent is evidenced by the pattern of conduct: defendant's expressed desire to reduce Samoan workers, followed by defendant's disregard of exculpatory witness testimony regarding plaintiff while taking no action against Christopher Daily for identical conduct, establishing a clear causal connection between discriminatory intent and discriminatory action.

**Violations of Internal Policies and Procedures**

2.25. Defendant's termination of plaintiff violated its own internal progressive discipline policies and occurred without proper investigation or justification, as defendant ignored credible evidence of plaintiff's innocence while failing to apply the same investigative standards to Daily's admitted misconduct.

2.26. The arbitrary nature of plaintiff's termination is further evidenced by defendant's failure to follow its own investigative procedures, including failing to properly consider witness statements that exculpated plaintiff from responsibility for the trailer damage, while simultaneously failing to investigate Daily's admitted responsibility for similar damage.

2.27. Defendant's violation of its own policies demonstrates the pretextual nature of plaintiff's termination and supports the conclusion that the real reason for termination was plaintiff's race, not his alleged involvement in the trailer damage incident.

**Damages and Impact**

2.28. As a direct result of defendant's wrongful and discriminatory termination, plaintiff has suffered significant financial losses, including lost wages, benefits, and pension contributions, as well as emotional distress and humiliation resulting from being terminated despite clear evidence of his innocence.

2.29. Plaintiff's termination has also resulted in lost opportunities for advancement within the company, where he had established a successful career spanning over five years with satisfactory performance and earnings reflecting his competence and reliability.

2.30. The circumstances surrounding plaintiff's termination demonstrate a clear pattern of discriminatory treatment based on race, in violation of the Alaska Civil Rights Act and a breach of the covenant of good faith and fair dealing under Alaska law.

### III. CAUSES OF ACTION

Based on the factual pattern detailed above, including defendant's expressed discriminatory intent, its disparate treatment of similarly situated employees of different races, and its willful disregard of credible exculpatory evidence, plaintiff brings the following claims:

**A. Violation of Alaska Civil Rights Act, AS 18.80.220 - Employment Discrimination**

3.1. Plaintiff Robbin Pau incorporates all the facts and allegations within the paragraphs listed above, 2.1 through 2.30.

3.2. Plaintiff Robbin Pau affirms and attests that during the relevant time of his employment with defendant, he was satisfactorily performing the key elements of his job as demonstrated by his years of employment and earnings history.

3.3. Plaintiff Robbin Pau further attests and affirms that defendant engaged in intentional discrimination based on race by treating him differently from similarly situated Caucasian employees, specifically in the disparate treatment between himself and Christopher Daily regarding identical trailer damage incidents, in violation of AS 18.80.220.

3.4. Defendant's vice president and supervisor's expressed desire to reduce the number of Samoan workers demonstrates discriminatory intent and bias against

Complaint: *Pau v. Sysco Alaska* — 7 of 10 —

plaintiff based on his race, constituting unlawful employment discrimination under Alaska law.

3.5. Defendant's discriminatory conduct resulted in plaintiff's termination, despite evidence of his non-involvement in the trailer damage incident, while similarly situated Caucasian employees were not subjected to similar adverse employment actions, in violation of AS 18.80.220.

**B.     Violation of the Tort of Wrongful Discharge**

3.6. Plaintiff Robbin Pau affirms and attests that defendant's termination of his employment violated Alaska's covenant of good faith and fair dealing by arbitrarily terminating him without proper cause or investigation.

3.7. Defendant's conduct violated its own internal policies and procedures by failing to follow progressive discipline policies, disregarding witness statements that exculpated plaintiff, and failing to conduct a proper investigation of the incident.

3.8. Plaintiff Robbin Pau affirms and attests that defendant's conduct, as alleged in paragraphs 2.22 through 2.30, constituted a willful and/or reckless violation of the duty owed to him, violated its own internal policies, public policy, and inconsistently applied its employee handbook policies. Such conduct was outrageous, reckless, and/or negligent, thereby violating the Covenant of Good Faith and Fair Dealing, and constituted the tort of wrongful discharge.

3.9. As a remedy for the conduct perpetrated by defendant Sysco Seattle, Inc., dba Sysco Alaska, plaintiff Robbin Pau requests all available remedies, including back pay, future pay, lost opportunity for advancement, emotional damages, humiliation damages, lost pension, punitive damages, attorney fees, prejudgment interest, and other remedies available under federal and Alaska law.

/

/

Complaint: *Pau v. Sysco Alaska*  — 8 of 10 —

## IV. JURY DEMAND

4.1. Plaintiff, Robbin Pau, hereby demands a trial by jury on all claims and issues.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Robbin Pau, requests judgment against defendant Sysco Seattle, Inc., dba Sysco Alaska, as follows:

1. Full and complete payment of all damages permitted related to plaintiff's claims against defendant for violations of the Alaska Civil Rights Act and the tort of wrongful discharge, including back pay, future pay, lost wages, lost opportunity for advancement, emotional damages, humiliation damages, lost pension, punitive damages, attorney fees, prejudgment interest, and other permitted remedies, based on defendant's willful disregard of credible exculpatory witness testimony from Christopher Blass and defendant's discriminatory application of disciplinary policies that resulted in disparate treatment of plaintiff compared to similarly situated Caucasian employees, within the jurisdictional limit of this court, with the exact amount to be proven at trial.

2. Plaintiff Robbin Pau requests reinstatement to his job from which he was unlawfully terminated, or, if the workplace has become impermissibly hostile, future damages going forward to his expected date of retirement, given that defendant's arbitrary termination occurred despite clear evidence of plaintiff's non-involvement in the April 10, 2023 incident and defendant's failure to follow its own investigative procedures.

3. Plaintiff Robbin Pau seeks punitive damages based on defendant's egregious discriminatory conduct, including its willful ignoring of exonerating witness testimony, its discriminatory enforcement of disciplinary policies based on race as demonstrated by the disparate treatment accorded to Christopher Daily versus

Complaint: *Pau v. Sysco Alaska* — 9 of 10 —

plaintiff for identical conduct, and its reckless disregard of credible evidence that clearly established plaintiff's non-involvement in the trailer damage incident.

4. Plaintiff Robbin Pau requests whatever additional damages the Court considers appropriate to award given defendant's pattern of discriminatory conduct, its violation of its own internal policies and procedures, and its arbitrary termination of plaintiff's employment in the face of credible evidence establishing his innocence, including enhanced emotional distress damages for the humiliation and distress caused by defendant's wrongful conduct.

Dated: July 23, 2025.

/Isaac Zorea
Isaac D. Zorea
ABA No. 0011090
Counsel for Robbin Pau

Complaint: *Pau v. Sysco Alaska* — 10 of 10 —

Isaac Zorea
Law Office of Isaac D Zorea
PO Box 90844
Anchorage, AK 99509

**CERTIFIED MAIL**



9589 0710 5270 3173 7867 61

Retail



99801

RDC 99

U.S. POSTAGE PAID
FCM LETTER
ANCHORAGE, AK 99517
AUG 11, 2025
**$11.06**
S2323A500865-26

RETURN RECEIPT REQUESTED

Sysco Seattle, Inc.
c/o Corporation Service Company, Registered Agent
8585 OLD DAIRY RD STE 208
JUNEAU, AK 99801